### Gager v. Dobson.

1. INSTRUCTIONS—*Not to be Misleading.* –An instruction which tells the jury that they must find that there is a certain amount due from the defendant to the plaintiff, and that they must not guess at the same, is misleading.

**Memorandum.**—Assumpsit. Originally commenced in justice's court. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in that court at the October term, 1893, and affirmed. Opinion filed February 1, 1894.

The statement of facts is contained in the opinion of the court.

JAMES A. PETERSON, attorney for appellant.

ULLMANN & HACKER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This action, originally brought before a justice of the peace, has been successfully prosecuted by appellee in two courts. It is for wages claimed to be due.

Appellant was unfortunately, if he has any defense, absent when the case was last tried, and the testimony of appellee made a clear case, warranting the judgment of $142. Appellant's counsel asked to have the following instructions given:

First. "The court instructs the jury, as a matter of law, that the jury must find that there is a certain amount due to Dobson from Gager, and that they must not guess at the same."

Second. "The court instructs the jury, as a matter of law, that the plaintiff can not recover for an account that is five years old prior to the commencement of this suit, except upon a new promise made thereafter. This suit was commenced April 3, 1891."

The court refused this request.

The first of these instructions might have greatly misled the jury. Jurors have many times to form an opinion as to amounts from contradictory and imperfect evidence. An instruction that they must be certain and could not guess, might have been by them understood as forbidding them to use their judgment in reaching a conclusion. Absolute certainty is seldom required in law suits.

There was no evidence upon which the second instruction could have been based.

The judgment will be affirmed.